No. 22,774.

COMMERCE TRUST COMPANY, *Appellee,* v. JAMES GOUMAS
et al. (C. B. PARK et al., *Appellants.*)

### SYLLABUS BY THE COURT.

1. MORTGAGE FORECLOSURE—*Sale—Confirmation—No Showing of Fraud.*
There was no evidence to show that fraud was practiced by the
plaintiff in procuring an order confirming a sale of real property and
fixing the time for redemption at six months from the date of sale.

2. SAME—*Sale Notice Fixed the Place of. Sale in County Where Land
was Situated.* A sheriff's sale notice which fixes the place of sale of
real property at the south front door of the courthouse in the city of
Leavenworth, state of Kansas, and describes the property by section,
township, and range, is sufficient, after confirmation, if that section,
township, and range are found in Leavenworth county, Kansas.

Appeal from Leavenworth district court; JAMES H. WEN-
DORFF, judge. Opinion filed March 12, 1921. Affirmed.

*John T. O'Keefe,* of Leavenworth, and *George B. Strother,*
of Kansas City, Mo., for the appellants.

*Lee Bond,* of Leavenworth, and *B. C. Howard,* of Kansas
City, Mo., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: Defendants C. B. Park, Geo. B. Strother,
and Gus Kappas appeal from a judgment denying their peti-
tion and motion for an order to set aside that portion of a
confirmation of a sheriff's sale of real property fixing the
period of redemption at six months; to set aside the sheriff's
deed to the plaintiff; and to fix the period of redemption at
eighteen months from December 28, 1915, the date of the sale,
for defendant C. B. Park, and at the time provided by law for
the junior mortgagees.

On November 11, 1915, the plaintiff obtained a judgment
against the defendants decreeing foreclosure of a mortgage
given by defendants James Goumas and Hariklia J. Goumas,
his wife, to the plaintiff for $4,000 on the land in controversy.
An answer was filed by the appellants in which they pleaded
that the mortgage notes had been paid. The cause was set for

trial; the defendants did not appear; and judgment by default was rendered against them, decreeing the foreclosure of the mortgage and directing that execution issue for the sale of the land if the defendants did not pay the judgment within ten days from its rendition, and ordering—

"That from and after said sale the said defendants James Goumas and Hariklia J. Goumas and C. B. Park, Geo. B. Strother and Gus Kappas be and they are hereby forever foreclosed of and from all right, title, interest or claim therein or thereto, and that they and all persons claiming by, through or under them or any of them be and they are hereby enjoined and restrained from setting up or claiming any right, title or interest therein or thereto or to any part thereof."

A special execution was issued on November 22, 1915. The sheriff's notice of sale described the land as follows:

"All of the southwest fractional quarter (S. W. fr. ¼) of section six (6), township twelve (12) south, range twenty-two (22) east, except forty (40) acres off of the east side and five (5) acres off the north side of said fractional section."

The notice stated that the sale would take place "at the south front door of the county courthouse in the City of Leavenworth, State of Kansas." The land was sold to the plaintiff for $4,677.83, and the proceeds were distributed as directed by the judgment. The sale was confirmed on January 8, 1916, and on the motion of the plaintiff, the period of redemption was then fixed at six months from the date of sale. Afterward, defendants C. B. Park, Geo. B. Strother, and Gus Kappas filed a motion to amend the order of the court fixing the period of redemption, and alleged that they had no notice of the time when the motion for confirmation of the sale would be heard. That motion, on the motion of the plaintiff, was, on September 7, 1916, ordered withdrawn from the record. On January 11, 1917, defendants C. B. Park, George B. Strother, and Gus Kappas filed their petition in this action under section 7504 of the General Statutes of 1915, to modify the order fixing the period of redemption and alleged that fraud had been practiced by the plaintiff in obtaining the order. Summons was issued and served, and the plaintiff answered. Evidence was introduced by the petitioning defendants; a demurrer to that evidence was sustained; and the petition was denied. This appeal is from the order sustaining that demurrer and denying the petition.

Trust Co. v. Goumas.

1. A careful examination of the abstract does not reveal any evidence to show that any fraud was practiced by the plaintiff in procuring the order fixing the time for redemption. The appellants insist that the petition alleged that the mortgage was given for a loan of money, not for purchase money, and that therefore the period of redemption should have been eighteen months, as the premises were then occupied, no waste was being committed, and the property had not been abandoned. The appellants had answered; it was their duty to look after their interests and see that an improper judgment was not rendered; and, if such a judgment were rendered, to appeal therefrom and have it corrected. They failed to look after the case; judgment was rendered against them by default; the land was sold; and a judgment of confirmation was entered. The order then made by the court fixing the period of redemption at six months may have been wrong. If the appellants had been present, they might have procured the entry of a proper order. The plaintiff was diligent in procuring its judgment, the sale of the property, and the confirmation of the sale. The appellants were grossly negligent, and their real complaint arises out of that negligence. Their cause of complaint does not come within any of the grounds named in section 596 of the code of civil procedure for which a trial court may modify its own judgments or orders, except possibly the third, "for mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order," or the fourth, "for fraud, practiced by the successful party, in obtaining the judgment or order." There was no mistake, neglect or omission of the clerk, and there does not appear to have been any irregularity in obtaining the order fixing the period of redemption. The statute does not provide when that order shall be made; neither does it appear why the order cannot be made at the time the sale is confirmed. We have seen that there was no evidence to show that any fraud was practiced by the plaintiff in obtaining the order. The only remedy of the defendants was by appeal from the order fixing the period of redemption.

2. But the appealing defendants contend that the sale notice was void for the reason that it did not name the county and state in which the land was situated. The statute (Civ. Code, § 456) provides that—

"All sales of lands or tenements under execution shall be held at the courthouse, in the county in which such lands and tenements are situated."

The presumption is that the law was complied with and that the land was in Leavenworth county, Kansas. Section, township, and range were given; that section, township, and range were in Leavenworth county; the land could be identified; and after confirmation, it must be held that the description was sufficient.

The judgment is affirmed.